NICHOLLS, J.
The defendant was indicted for violation of the provisions of Act No. 34, p. 42, of 1902, entitled “An act making it a misdemeanor to desert or willfully neglect to provide for the support and maintenance by any person of his wife or minor children in destitute or necessitous circumstances and to provide a penalty therefor.”
On the 15th of September, 1905, he was found “guilty,” and ordered to pay to his wife weekly the sum of $9 for a period of one year from and after the 18th of September, 1905, the said sum to be paid to the criminal sheriff for his wife, and to furnish bond in the sum of $200, conditioned upon the good faith to carry out the provisions of the order aforesaid.
On September 19th, on motion of Harry Mooney, assistant district attorney, suggesting that the defendant had not complied with the order of the court commanding him to pay to the criminal sheriff of this -parish the sum of $9 for account of his wife, it was ordered by the court that said Peralta, defendant herein, do show cause on Priday, September 22, at 10:30 a. m., why he should not be judged guilty of contempt of court and punished accordingly.
On September 22d the defendant filed a motion for a new trial, which was fixed for trial on the 29th.
On October 5th a suspensive appeal in said numbered and entitled cause “was applied for and granted to the Supreme Court.”
A minute entry of October 6th, reciting that the motion for a new trial was fixed for that day, declares that said motion was taken up and overruled, and that thereon a motion in arrest of judgment was filed, submitted, and overruled.
The entry states that:
“Thereupon, the rule to show cause pending herein for hearing herein being submitted, together with the refusal of the defendant to comply with the provisions of the order of the court herein rendered on September 15, 1905, the court ordered the said rule made absolute, and then and there the defendant P. E. Peralta, to pay a fine of one hundred dollars or to suffer imprisonment in the parish prison for a term of six months and fifteen days; and counsel for defendant then moved of the court for time to present a new motion for a suspensive appeal herein, which motion is ordered recorded, granted, and, when presented and filed, is made returnable before the Supreme Court of the state of Louisiana according to law; and the court further orders the defendant discharged upon his bond present in existence to await further proceedings.”
In the transcript is a minute entry of October 10th, in which it is recited that on motion of J. E. Plynn, attorney for defendant in above entitled and numbered cause (State of Louisiana v. P. E. Peralta, No. 43,166, See. B), suggesting that there was error to the prejudice of defendant in said verdict and judgment, it was ordered by the court that a suspensive appeal be allowed defendant in above entitled and numbered cause, and made returnable to the Supreme Court on the-day of-, 1905.
Defendant filed no assignment of error, *279 made no appearance in the Supreme Court, and filed, no brief. No brief was filed on •behalf of the state; the assistant district attorney stating that, defendant having filed no brief, he did not know what questions were relied on by his counsel.
The transcript shows a very confused condition of things. It is difficult to ascertain from what the defendant appeals, whether he does so from the judgment of the 15th of September finding him guilty and ordering him to pay weekly for one year the sum of $9 to the sheriff according to the terms of judgment, or from the judgment of the court rendered on the rule taken against him for contempt of court.
We understand it to have been taken from the judgment of the 15th of September.
This court is without jurisdiction, whether the appeal be from the one or the other. Article 85, Const. 1898. The imprisonment of the defendant declared in the judgment on the rule for contempt is not one actually imposed, but made to depend contingently upon defendant’s subsequent eourse in regard to the payment of the fine of $100.
We think the appeal taken should be 'dismissed, and it is so ordered and decreed.