ROGERS, J.
 

 The defendant was charged by information filed in the district court with deserting and willfully neglecting his wife and minor child, in violation of the provisions of Act 34 of 1902. His only defense on the trial of the case was that the court below was without jurisdiction because a short time pri- or to the date on which the offense was alleged to have been committed he had moved from the parish of Terrebonne to the parish of East Baton Rouge. The trial judge held that the defense was not well founded, and that the defendant was guilty of the offense charged. Defendant was sentenced to imprisonment in the parish jail for a term of six months and to pay a fine of $82 to be turned over, when paid, to his wife for herself and as custodian of his minor child. The trial judge also issued an order sentencing and ordering defendant to pay to his wife an additional sum of $5 a week for the space of one year, and that, upon payment -of the original fine, defendant be released from custody under the jail sentence imposed upon probation for the space of one year on furnishing a bond of $250, conditioned upon his personally appearing before the court whenever ordered to do so within the year and his further compliance with the terms of the order or any subsequent modification thereof. The present appeal is from the conviction and sentence.
 

 The defendant contends that his domicile is in the parish of East Baton Rouge, which is the venue of his alleged offense, and, further, that the sentence imposed is not authorized by the statute. On the other hand, the state contends that the record is barren of any evidence showing the intention on the part of the defendant to change his domicile to the parish of East Baton Rouge, and that the venue of the offense charged is the place where defendant owes the duty of supporting his wife and child, which is the matrimonial domicile in the parish of Terrebonne.
 

 
 *353
 
 We are not, however, in a position to pass upon the issues raised by defendant’s appeal. The penalty provided by Act 34 of 1902 for its violation is a fine not exceeding $100, or imprisonment not exceeding one year, or both, in the court’s discretion. It is also provided that, should a fine be imposed, it may be directed by the court to be paid, in whole or in part, to the wife or to the tutor or custodian of the minor. -There is a further provision in the statute empowering the court to order the defendant, on a recognizance with or without sureties, before trial (with the defendant’s consent) or after conviction, instead of the fine or imprisonment, or in addition thereto, to pay a certain sum to his wife for the space of one year.
 

 Our jurisdiction is restricted in criminal cases to those in which the penalty of death or imprisonment at hard labor might have been inflicted or a fine exceeding $300.or imprisonment exceeding six months has been actually imposed. Const, art. 7, § 10.
 

 The fine inflicted upon defendant does not, and in fact under the statute could not, exceed $300, and the imprisonment imposed upon defendant does not exceed six months.
 

 The weekly payments of $5 for a period of one year, which the defendant was ordered by the court to make t.o his wife, was not a fine. Cf. State v. Peralta, 115 La. 530, 39 So. 550. The word “fine” in its ordinary acceptation and in its constitutional restriction of the jurisdiction of this court has the distinct-meaning of a pecuniary penalty. State v. Price, 124 La. 917, 50 So. 794, 134 Am. St. Rep. 523, 18 Ann. Cas. 881.
 

 The order of the trial judge that, in addition to the fine and imprisonment imposed, the defendant make weekly payments of $5 to his wife, and that he execute a bond of $250 to secure such payments, was nothing more than an order for the payment of alimony by the defendant for the support of his wife and child. It was not a final sentence, but was a mere interlocutory decree, subject to modification at any time by the trial judge. State v. Clark, 143 La. 481, 78 So. 742; State v. Fried, 152 La. 710, 94 So. 327.
 

 The sum of the weekly payments cannot be added to the amount of the fine so that the aggregate will make a sum within our jurisdictional limit, because it is the fine which must exceed $300. Defendant’s appeal therefore must be dismissed. State v. Peralta, supra; State v. Fried, 154 La. 401, 97 So. 588. And this is so notwithstanding no formal motion for dismissal has been presented by the state. The consent of the parties, either express or implied, cannot .vest us with jurisdiction where the organic law gives us none. State v. Chapman, 38 La. Ann. 348.
 

 For the reasons assigned, the appeal is dismissed.