## YANCEY v. DICKSON ICE CREAM CO.
### No. 5890.

Court of Appeal of Lousiana. Second Circuit.

June 28, 1939.

Henry F. Turner, of Shreveport, for appellant.

Barnette & Barnette, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit against the defendant for wages alleged to be due, the return of bond money deposited with defendant, and for the penalties provided by Act 150 of 1920, which act provides for a continuation of his wages in full from date of discharge until the full amount is paid. He claims $45 was due him for wages when he was discharged on March 17, 1938; $25 that he had deposited as a bond with defendant; and $5 a day from the date of discharge until paid.

Defendant admitted it owed plaintiff nine days' wages at $5 a day, and that plaintiff had deposited with it $11.41 as a bond. It contends, however, that plaintiff owes to it several hundred dollars, which indebtedness is alleged to have come about in the following manner: Plaintiff was in the employ of the defendant as a route driver to deliver milk. The route foreman had been discharged due to many irregularities and shortage in the accounts of the route drivers. Plaintiff was anxious to be promoted to route foreman, and, in order to secure the position, agreed to make himself responsible for the route drivers who would be under his supervision and to hold the defendant free from any and all losses due to shortage in the accounts of the drivers, who not only sold and delivered milk, but also collected for the milk sold. At the time of plaintiff's discharge, the shortage in the drivers' accounts amounted to several hundred dollars, and defendant held plaintiff responsible for these amounts under its alleged contract with him.

On trial of the case below defendant admitted that its indebtedness to plaintiff at the time of his discharge was $45 plus the amount deposited by plaintiff with it out of his wages each week to serve as a bond, which amount was $11.41, making a total of $56.41. Plaintiff admitted that he owed to defendant one of the accounts urged against him, amounting to $22.37, which he claims was for milk he purchased from defendant and had not paid for.

The lower court awarded judgment for plaintiff for the amount defendant admitted owing him, and for defendant in reconvention the amount plaintiff admitted owing defendant. It rejected plaintiff's demands for penalties, and he has perfected appeal to this court.

■ Defendant has neither appealed nor answered the appeal, and has made no ap-

pearance in this court. Counsel for defendant informed the court that they were no longer interested for the reason that defendant had been adjudged a bankrupt. Therefore, regardless of what our conclusion might be on the reconventional demand of defendant, we are powerless to change the judgment in its favor. It is necessary, however, to discuss this phase of the case to properly dispose of the question of the right of plaintiff to penalties under the provisions of Act 150 of 1920.

The record reveals that defendant had been robbed in a big way by some of its route drivers before plaintiff was made route foreman, and that the consistent stealing continued during his time as route foreman. It is remarkable that defendant continued in business as long as it did, with the great amount of stealing that was going on.

The duty of the route foreman was to keep in touch constantly with the customers on the different routes and to find out from them when their accounts were paid; to see when overcharges were made; and in general to keep a close tab on the route drivers to prevent the shortage due to stealing that was constantly occurring. As a partial protection against this shortage, each driver was required to leave with the defendant a portion of each weekly wage as a bond to be applied as far as it would go to any shortage which might occur on the route. Of the shortage accounts which defendant claims plaintiff is liable for, after deducting the amounts of the bonds put up by the drivers, there is left several hundred dollars yet due defendant. We are of the opinion that the evidence preponderates in favor of defendant that plaintiff agreed and contracted to save it from loss on account of this shortage, and that promise was one of the considerations for plaintiff being promoted to route foreman.

 Plaintiff objected to any testimony being introduced to prove this agreement on the ground that it was the promise to pay the debt of a third person and was not admissible unless in writing. The entire agreement and contract was oral. The evidence was heard subject to the objection, and what disposition was made of it by the lower court after hearing the testimony is not made known by this record.

We are of the opinion that the objection should have been overruled. It was not the promise to pay the debt of a third person. It was a primary and independent obligation on the part of plaintiff to be responsible for any and all shortage that might arise through the dishonest acts of the route drivers over whom he had supervision. He did not agree to pay in case the route drivers did not pay for the shortage themselves. He agreed to pay for any and all shortage that might occur, and testimony on this issue is not subject to the rule applicable to a promise to pay the debt of a third person.

We conclude, therefore, that defendant was justified in refusing to pay plaintiff the amount claimed by him at the time he was discharged. This being true, although we cannot change the judgment in favor of defendant, it constitutes sufficient equitable grounds to refuse to allow penalties provided for by Act 150 of 1920.

It therefore follows that the judgment of the lower court is affirmed; costs of appeal to be paid by appellant.