17 So.2d 921

**BANNON et al. v. TECHELAND OIL CORPORATION.**

No. 37258.

April 17, 1944.

Charles E. Fernandez, of Franklin, for plaintiff and appellant.

Michel Provosty, of New Orleans, for defendant and appellee.

FOURNET, Justice.

This suit was instituted against the Techeland Oil Corporation in Receivership by E. C. Bannon, Sr., to recover wages due him and certain of his co-employees, represented by him, as well as the amounts due one of his co-employees and himself individually for materials and supplies furnished the corporation by them. In addition he seeks to recover the penalty allowed under the provisions of Act No. 150 of 1920, as amended by Act No. 138 of 1936, for the corporation's failure to comply within 24 hours following the termination of the employment with the demand

made for the payment of their wages—the full amount of the wages from the time the demand was made until the payment was tendered—as well as interest, attorney fees, and recognition of their workmen's and material men's liens.

There was judgment in the lower court for the full amount claimed for wages and materials with recognition of the liens held by these employees, but the penalties and interest demanded were only allowed from the date the formal demand for their payment was made to the day the corporation was placed in receivership. The court also reduced the attorney fees claimed by the plaintiff from $250 to $200.

In appealing from this judgment the plaintiff is claiming that he and his co-employees are entitled to have the penalties and interest computed from the day each of the workmen demanded the payment of his wages from the corporation to the day the payment is made in full instead of from the day formal demand was made on their behalf to the day the corporation was placed in receivership. He is also asking that the attorney fees awarded him be increased to $250, as originally prayed for.

It appears that the Techeland Oil Corporation met with financial difficulties in March of 1942 and was unable to meet its payroll. Its employees discontinued work and recorded their claims for wages and materials furnished the corporation after unsuccessful attempts were made to collect these amounts. The corporation was placed in receivership on April 14, 1942, and this suit was filed on May 5 follow-

ing. When the case was tried no contest was made as to the amounts due for wages and materials furnished, but, when the case was reopened upon the motion of the receiver, evidence was offered to show that the employees had agreed to wait, until the oil owned by the corporation was sold, for their wages. In his written reasons for judgment the trial judge states "that the plaintiffs were paid irregularly prior to their cessation of work, and they had agreed to that system." He also found as a fact that after these employees ceased work all but one of them met with the officials of the corporation in New Orleans and agreed to wait a short time for the payment of their wages. He therefore concluded that these employees were only entitled to the penalties provided for in Act No. 150 of 1920, as amended, from the day formal demand was made for the wages due them in the registered letter addressed to the corporation officials by counsel for the plaintiff on April 11, 1942.

Prior to its amendment by Act No. 138 of 1936, Act No. 150 of 1920 made it the duty of the employer to pay any laborer or employee within 24 hours after his *discharge,* the employer's failure to make such payment when demanded at the place where the employee is usually paid rendering him liable for the full wages of the employee from the time of such demand until finally paid. In amending this act by adopting Act No. 138 of 1936, the legislature only extended the provisions of the act to laborers or employees *resigning* their employment and allowed them reasonable attorney fees.

The object of this act is obviously to compel an employer to pay an employee within 24 hours after his discharge or resignation. The penalty feature of the act is nothing more than a coercive means to that end. Under the particular facts of this case as found by the trial judge, and amply borne out by the record, we do not think that he erred in his conclusion that the penalties should only be assessed from the date formal demand was made for the wages, April 11, 1942. Nor do we think he erred in limiting the penalty awards to the day on which the corporation was placed in receivership, for this provision invoking a penalty must be strictly construed and it may yield to equitable defenses under our jurisprudence. Deardorf v. Hunter, 160 La. 213, 106 So. 831, and Hazel v. Robinson & Young, 187 La. 51, 174 So. 105.

The plaintiff's claim that the amount allowed him for attorney fees should be increased to $250 is unimpressive. Although counsel does ask for this increase in the concluding paragraph of the brief filed by him here, he has failed to point out in the body thereof any basis for such increase. From our appreciation of the record, we think the fee allowed by the trial judge was not only fair and reasonable but, also, under the facts, in keeping with the object and spirit of the act.

For the reasons assigned, the judgment appealed from is affirmed; costs in this court to be borne by the appellant.

O'NIELL, C. J., does not take part.

ODOM, J., absent.