287 So.2d 549 (1973)
Mary M. SIMON, Plaintiff-Appellee,
v.
CROWLEY INDUSTRIES, INC., Defendant-Appellant.
No. 4362.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
Rehearing Denied January 21, 1974.
Writ Refused March 1, 1974.
Reggie & Harrington, by Edmund M. Reggie, Crowley, Edwards, Stefanski & Barousse, by Homer E. Barousse, Jr., Crowley, for defendant-appellant.
Pugh, Buatt, Landry & Pugh, by Lawrence G. Pugh, Jr., Crowley, for plaintiffappellee.
*550 Before FRUGE, SAVOY, and PONDER, JJ.
FRUGE, Judge.
Plaintiff, Mary M. Simon, instituted suit against defendant, Crowley Industries, Inc., her former employer, for unpaid wages, penalties, and attorney's fees under the applicable provisions of LSA-R.S. 23:631 and 632. After trial on the merits, judgment was rendered in favor of plaintiff and against defendant, Crowley Industries, Inc., for the sum of $1,190.40 plus legal interest from date of judicial demand, plus attorney's fees in the sum of $396.80 with legal interest from date of judicial demand. From this judgment, defendant has appealed. We affirm.
The pertinent facts of this case are as follows. The plaintiff was employed by the defendant until the date of December 2, 1972, a Saturday, at which time her employment was terminated. On the following Monday, December 4, 1972, plaintiff returned to the office of defendant and requested payment of the wages due her at that time. Plaintiff was told by the defendant's secretary that a check was not then available but would be available on the following Friday, December 8, 1972. The plaintiff returned on Friday, December 8th, and was told that the check was not yet ready but would be ready later that day. After waiting, without avail, plaintiff left the defendant's premises and went to see her attorney.
On December 9, 1972, plaintiff's attorney wrote a letter to the defendant in which formal demand was made for the plaintiff's wages due and owing. This letter also informed the defendant of its liability for penalty wages and attorney's fees under LSA-R.S. 23:632, and offered to settle in full for the sum of $200.00. The defendant mailed a responsive letter on December 13, 1972, in which it stressed the cordiality of the plaintiff's request for her check, that her check remained in the defendant's safe, where it had been all week, and that the plaintiff could "pick it up at any time." Defendant also denied that the plaintiff had ever demanded her check and, likewise, denied ever having refused payment of the amount due plaintiff. On December 14, 1972, plaintiff's counsel, not yet having received defendant's letter of December 13, 1972, instituted suit against defendant. On the 27th of December, 1972, the defendant answered the plaintiff's petition and admitted that the sum of $38.40 was owed the plaintiff for three days' wages, which were not paid on December 2, 1972.
In consideration of the specification of errors enumerated on appeal by defendant, two issues are raised for our determination. These are:
(1) Was the defendant's letter of December 13, 1972, a "tender" sufficient to interrupt the running of penalty wages, and
(2) When was a demand sufficient to commence the running of penalty wages effective in this case.
We shall entertain these issues in reverse order, and in light of the applicable provisions of LSA-R.S. 23:631 and 632 set out in pertinent part in the following:
"R.S. 23:631 provides that an employer must pay an employee who has been discharged or who resigns `within twentyfour hours after such discharge or resignation * * * upon demand being made on the employer by the discharged or resigned * * * employee at the place where the employee * * * is usually paid.' And R.S. 23:632 provides penalties for the employer's failure to timely pay the wages due the employee.
The penalties include up to three months' pay, plus attorney's fees." Becker v. Choate, 204 So.2d 680, 683 (La.App.3rd Cir. 1967).
Defendant has asserted that no sufficient demand was ever made for the wages due and owing, and stresses that the personal actions taken by the plaintiff in *551 order to obtain her check constituted no more than "a mere request for payment" and did not constitute the "demand" envisioned by the provisions of LSA-R.S. 23:631 and 632. As authority for this position, the defendant has cited the case of Bannon v. Techeland Oil Corporation, 205 La. 689, 17 So.2d 921 (1944). We find this case to be inapposite to the facts of the instant case by reason that in Bannon, supra, the employee had agreeably acquiesced in a period of delay. There was no such agreement or understanding in the case at hand. Defendant has also asserted that the plaintiff's appearances at the business office of defendant were no more than cordial visits and did not constitute demands. We feel that the personal requests for the wages due, made "at the place where the employer or laborer is usually paid," were fully constitutive of demands for payment. Certainly the plaintiff should not be penalized for acting in a cordial and well-mannered fashion.
In regard to the other issue on appeal as to whether the letter of December 13th constituted a "tender" of the wages due and owing, we feel that the following excerpt from the written reasons of the trial court very aptly expresses our own feelings on this matter.
"I do not feel that the letter of December 13 addressed to plaintiff's lawyer was a tender of the amount of unpaid wages due Miss Simon. It would have been an easy matter for the employer to deposit the check for delivery by United States mail. For reasons best known to itself, another choice was made . . ."
The defendant has relied upon the following statement included in the letter of December 13th: "Miss Simon's check remains in our safe, where it has been since last week. She may pick it up at any time." This statement is asserted as evidence that a tender was made to the plaintiff. While under other circumstances the foregoing statement might constitute a tender, we are of the opinion that this letter of December 13th does not, in its overall context and when considered in relation to the other facts of this case, clearly express a "tender" required by our law.
Having determined that the requisite demand for unpaid wages was made by the plaintiff and that no tender, as required by law, was made by defendant, we now turn to a consideration of the validity of the trial court's award. We note that the lower court awarded 90 days' wages at the plaintiff's daily rate of pay, which amounted to $1,152.00, and also added the amount of unpaid wages, $38.40, upon which this suit was initially predicated. In addition, the attorney's fees were calculated on the amount of $1,190.40, being the sum of the aforestated amount. We conclude that the lower court's award conforms with the provisions of LSA-R.S. 23:631 and 632 and is, therefore, valid.
For the above and foregoing reasons, we affirm the judgment of the lower court, Appellant is to pay all costs.
Affirmed.
PONDER, J., dissents in part and assigns reasons.
PONDER, Judge (dissenting in part).
I concur in the award of penalties and attorney's fees, but believe that since R.S. 23:631 requires demand be made "at the place where the employee or laborer is usually paid," the payment can be made there also. The letter of December 13 would therefore be tender sufficient to cause the accruing of further penalties and attorney's fees to cease.