FORET, Judge.
Plaintiff, Carl Hebert, appeals from a judgment of the trial court upholding the Office of Employment Security Board of Review’s decision to deny him unemployment benefits. The issue on appeal is whether plaintiff quit his job without good cause connected with his employment.
Carl Hebert was employed as an inspection operator by defendant, Patterson Inspection Services, Inc. from April 15, 1982, through May 27, 1982. Working under him were three contract laborers. Unfortunately, plaintiff felt that the three were not performing satisfactorily and communicated his displeasure to his immediate supervisor, Wayne Bergeron. Subsequently, Ber-geron agreed to send plaintiff three new laborers.
When the new laborers arrived, plaintiff had changed his mind and decided to give the old workers a second chance. Therefore, he sent the new workers back in. Later that day, plaintiff walked into Ber-geron’s office and expressed dissatisfaction with several problems [1] he was having on the job. Bergeron then told plaintiff that his paycheck might be docked for the three laborers he had ordered and not used. Plaintiff then quit because of the aforementioned problems and the threat of the paycheck deduction. The employer’s threat was subsequently made good when $123.40 was deducted from plaintiff’s paycheck.
Plaintiff’s initial claim for benefits was denied and that decision was upheld by both the appeals referee and the board of review. The trial court found no error in the prior administrative decisions and affirmed, finding that the plaintiff left his job without good cause connected with his employment.
LSA-R.S. 23:1601 provides:
“An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment ...”.
Plaintiff argues that the deduction with which he was threatened was illegal under LSA-R.S. 23:635, and therefore, his decision to quit the job was made with sufficient good cause.
LSA-R.S. 23:635 provides:
“§ 635. Assessment of fines against employees unlawful; exceptions
No person, acting either for himself or as agent or otherwise, shall assess any fines against his employees or deduct any sum as fines from their wages. This section shall not apply in cases where the employees wilfully or negligently damage goods or works, or in cases where the employees wilfully or negligently damage or break the property of the employer, but in such cases the fines shall not exceed the actual damage done.”
Under the provisions of LSA-R.S. 23:636, a jail sentence and fine may be imposed upon the employer for violation of Section 635. LSA-R.S. 23:636 provides:
“§ 636. Penalty for violations
Whoever violates the provisions of R.S. 23:634 or R.S. 23:635, shall be fined not less than twenty-five dollars nor more than one hundred dollars, or imprisoned for not less than thirty days nor more than three months.”
Our review in this case extends only to questions of law. LSA-R.S. 23:1634. Thus, we accept the referee’s findings of fact. We find, however, that he erred as a matter of law in finding no violation of LSA-R.S. 23:635 and reverse.
As contemplated by R.S. 23:635, the term “fine” means a pecuniary penalty or punishment imposed for violation of some law, rule, or regulation. Stell v. Caylor, 223 So.2d 423 (La.App. 3 Cir.1969). The deduction of the $123.40 was simply a pecuniary *884 penalty for plaintiffs actions in not using the second set of workers. It should have been made clear to plaintiff that if he desired a second working crew, that crew must-be used. Plaintiffs behavior was not so derelict as to make him responsible for payment of the second crew of laborers.
Defendant cites several cases for the proposition that R.S. 23:635 was not violated. We find none of these eases persuasive. Hanks v. Shreveport Yellow Cabs, 187 So. 817 (La.App. 2 Cir.1939) and Stell v. Caylor, supra, dealt with deposits left by employees to insure the return of equipment or monies, an agreement which was made part of the employment contract. In the case at bar, no deposit was made, nor was there any contractual agreement which would allow the defendant to make the deductions it did.
The remaining cases cited by defendant dealt exclusively with LSA-R.S. 23:631 and 632[2], regarding the employer’s liability for failing to timely pay wages due the employee. None of these cases attempted to interpret LSA-R.S. 23:635.
For the reasons assigned, the judgment appealed from is reversed, and it is now,
ORDERED, ADJUDGED AND DECREED that the Board of Review of the Division of Employment Security, Department of Labor, State of Louisiana, issue an order directing the payment to plaintiff of the unemployment compensation benefits to which he is entitled under the Louisiana Employment Security Law.
All costs of this appeal, and at the trial level, are assessed against defendant-employer, Patterson Inspection Services, Inc.
REVERSED AND RENDERED.

. These problems included inadequate pay, inadequate technical help and inadequate laborers.

. Mitchell v. First National Life Insurance Co. of La., 236 La. 696, 109 So.2d 61 (1959); Yancey v. Dickson Ice Cream Co., 190 So. 837 (La.App. 2 Cir.1939); Williamson v. National Ben. Life Insurance Co., 16 La.App. 451, 133 So. 515 (2 Cir.1931).