# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-401

DWAYNE OLIVIER

VERSUS

CITY OF EUNICE

************

## APPEAL FROM THE
## TWENTY-SEVENTH JUDICIAL DISTRICT COURT
## PARISH OF ST. LANDRY, NO. 09-C-4285-A
## HONORABLE JAMES P. DOHERTY, DISTRICT JUDGE

************

## J. DAVID PAINTER
## JUDGE

************

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**Kevin L. Camel**
**723 Broad St.**
**Lake Charles, LA 70601**
**COUNSEL FOR PLAINTIFF/APPELLANT**
    **Dwayne Olivier**

**Jacque B. Pucheu, Jr.**
**P.O. Box 1109**
**Eunice, LA 70535**
**COUNSEL FOR DEFENDANT/APPELLEE**
    **City of Eunice**

**PAINTER, Judge**

Plaintiff, Dwayne Olivier, appeals the trial court's judgment rejecting his claim for back due wages, statutory penalties, and attorney's fees. For the following reasons, we reverse and render in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

The trial court correctly outlined the underlying facts of this case in its written reasons for judgment as follows:

> The record reflects that the plaintiff, Dwayne Olivier, began work as a fireman for the City of Eunice on November 18, 1985[,] and continued in that position until he was injured. At the time of injury, plaintiff had achieved the position of fire captain. Subsequently, on October 31, 2005, the City of Eunice established a position of fire inspector and on November 1, 2005, Mr. Olivier began working as the fire inspector at an hourly rate of $13.36 per hour. He continued in the employ of the City in that position until October 16, 2006 when he was again injured and at that time began receiving sick leave pay at the rate of $13.36 per hour. (The hourly rate paid to the inspector.)

> On January 2, 2007, the administration of the City of Eunice abolished the position of fire inspector-along with several other positions and the Mayor indicated that he refused to appropriate the funds necessary for said position. As of that date, the plaintiff was reinstated to his former position as a fire captain and continued to receive sick pay but at the lower the rate of $9.78 per hour. (A fire captain's rate of pay.)

> On February 1, 2007, the Municipal Fire and Civil Service Board for the City of Eunice agreed with the Mayor and the City administration and refused to make the fire inspector position a permanent position thereby abolishing the position of fire inspector. The plaintiff's sick leave terminated on October 16, 2007 or fifty-two weeks after he began receiving sick pay in accordance with applicable statute.

> On May 16, 2008, Petitioner made a demand for "full pay." Petitioner contends "full pay" was at the rate of $13.36 per hour. Plaintiff's claims were eventually denied, resulting in the present lawsuit.

The trial court found that full pay as set out in La.R.S. 33:1995, which provides for sick pay for firefighters, "means the pay to which an individual is entitled to receive based upon the position which they occupy." Further finding

that the City of Eunice was entitled to abolish the position of fire inspector and return Plaintiff to his former position of fire captain, the court found that Plaintiff received the pay to which he was entitled and was not entitled to additional funds, penalties, or attorney's fees. Plaintiff appeals.

## DISCUSSION

*Rate of Sick Pay*

Plaintiff asserts that the trial court erred in failing to award him the difference between the sick pay to which he was entitled as a fire captain and that which he was receiving as fire inspector at the time he went on sick leave.

Louisiana Revised Statutes 33:1995 provides that "[e]very fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks." We have found no authority which interprets the meaning of "full pay." Plaintiff argues that this means the full pay to which he was entitled in the position he was holding at the time he became disabled. Defendant notes that the fire inspector position was a temporary one and that Plaintiff was provisionally appointed to that position while it was determined whether the position would become permanent. Defendant cites La.R.S. 33:2556 which states that: "Temporary appointments may be made to positions in the classified service without the appointees acquiring any permanent status therein." They concede that had Plaintiff been a permanent employee in a classified position, additional protections would have been available to him. However, Defendants argue

2

that Plaintiff had no right or expectation to permanent employment in the fire inspector position since it was a provisional position.

After reviewing the statute, we conclude that the rate at which Plaintiff was entitled to receive sick pay was vested when sick pay became due at the rate of pay then being received by Plaintiff. Defendant argues that this conclusion conflicts with the civil service laws. We have reviewed the statutes cited by Defendants and find nothing in them that would prevent an employee in a temporary position from being entitled to sick pay at the rate of pay he was receiving at the time of injury or when he became ill.

Therefore, we find that the trial court erred in finding that Plaintiff's pay could be cut when the position he had been employed in at the time of his illness was terminated. Accordingly, we reverse the judgment of the trial court in this regard and order payment of the difference between the payment he received after January 2, 2007, and the amount due to him as fire inspector.

*Penalties and Attorney's Fees*

Plaintiff asserts that he is entitled to penalties and attorney's fees under the provisions of La.R.S. 23:632. This court has stated with regard to the penalty provision of La.R.S. 23:632, that:

> Our supreme court in *Wyatt v. Avoyelles Parish School Board,* 01-3180, p. 15 (La.12/4/02), 831 So.2d 906, 916-17, declared:
>
>> La. R.S. 23:632 is a penal statute that must be strictly construed and may yield to equitable results. *Beard* [*v. Summit Inst. of Pulmonary Med. & Rehab., Inc.*], 97-1784 at p. 7 [(La.3/4/98)], 707 So.2d [1233] at 1236 (citing *Bannon v. Techeland Oil Corp.,* 205 La. 689, 693, 17 So.2d 921 (1944)). This court has previously stated that "a good-faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability" permits a court to decline to impose penalty wages on an employer. *Beard,* 97-1784, p. 7, 707 So.2d at 1236

3

(citing *Carriere v. Pee Wee's Equipment Co.,* 364 So.2d 555, 557 (La.1978)).

*Burns v. National Communications, Inc.,* 08-453, p. 6 (La.App. 3 Cir. 11/26/08), 998 So.2d 330, 334.

After reviewing the record, we find that the City posed a good-faith non-arbitrary defense to liability for the unpaid wages. Therefore, we decline to impose penalty wages.

However, La.R.S. 23:632 states in pertinent part that:

Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

As the court stated in *Jeansonne v. Schmolke*, 09-1467, p. 20 (La.App. 4 Cir. 5/19/10), 40 So.3d 347, 363:

Unlike penalty wages, the jurisprudence has not recognized equitable defenses to the award of attorney's fees in the event that a "well-founded suit" for wages is filed. *Beard, supra.* A "well-founded suit" is defined as one in which the employee is successful in recovering unpaid wages. *Cleary v. LEC Unwired, L.L.C.,* 00-2532 (La.App. 1 Cir. 12/28/01), 804 So.2d 916. When an employee brings a "well-founded suit," an award of attorney's fees is mandatory. *Id.* Stated otherwise, "[w]hen an employee is forced to file suit to recover his unpaid wages, the award of reasonable attorney's fees is mandatory pursuant to La. R.S. 23:632." *Buras v. Schultz,* 02-0628, p. 3 (La.App. 4 Cir. 9/18/02), 828 So.2d 649, 651.

Therefore, we find that Plaintiff is entitled to an award of attorney's fees in the amount of $2,500.00.

## CONCLUSION

For these reasons, the judgment finding that Plaintiff is not due sick pay at the rate payable to a fire inspector is reversed. We order payment in the amount due to a fire inspector under the provisions of La.R.S. 33:1995. We affirm the trial court's determination that no penalties are due, but award

4

attorney's fees in the amount of $2,500.00. Costs of this appeal are assessed to Defendant, the City of Eunice.

**AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**