McDonald, J.
| ¡.Plaintiff appeals a district court judgment ordering payment of wages, vacation leave, and reimbursement for mileage by her former employer, but failing to order attorney fees, costs, and penalties. For the following reasons, we amend, and as amended, affirm.
Lolita Chesterfield began working as a billing manager for Genesis Hospice, L.L.C. d/b/a Highland Hospice & Palliative Care of Louisiana (Genesis) in September 2005. After some years, Genesis began having financial difficulties. In February 2011, Ms. Chesterfield determined that she could not continue to work, as she was not being paid. She resigned, with her last day of work being February 21,2012.
Ms. Chesterfield maintains that despite amicable demand, Genesis failed to pay her upon her separation from their employ in accordance with La. R.S 23:631A(l)(b). That statute provides, in pertinent part:
Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no longer than fifteen days following the date of resignation, whichever comes first.
Louisiana Revised Statutes 23:632 provides a penalty for employers who violate La. R.S. 23:631, which Ms. Chesterfield maintains she is owed. That statute provides:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed |sfrom time of making the first demand following discharge or resignation.
Genesis does not dispute that it owed Ms. Chesterfield’s wages, but claims that it had an equitable defense to its *24 failure to pay them, and it is not liable for penalty wages. A good faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability, permits the court to excuse the employer from the imposition of additional penalty wages. Wyatt v. Avoyelles Parish School Bd., 01-3180 (La.12/4/02), 831 So.2d 906, 917; Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555, 557 (La.1978). Ms. Chesterfield asserts that Genesis’s “defense” was devised after it received notice of a lawsuit that Ms. Chesterfield had filed in city court and it became aware that it could be liable for attorney fees and penalty wages.[1] According to Ms. Chesterfield, prior to that time Genesis alleged that Ms. Chesterfield was not being paid because the funds were not available.
The record indicates that, in fact, Genesis’s employees were not paid timely and Genesis seemed to be in financial difficulty. However, though not timely, all employees, except Ms. Chesterfield, were eventually paid. Ms. Chesterfield was the billing manager for Genesis. Genesis alleges that it was their policy to conduct an internal audit if that position became vacant. It was the audit that revealed the problems with Ms. Chesterfield’s work that was submitted as a defense. Actually, Genesis was refusing to pay Ms. Chesterfield’s salary and offered to pay her minimum wage for the hours owed. It was their contention that Ms. Chesterfield’s actions or inactions cost them a considerable amount of time and money, especially by her failure to submit Medicare/Medicaid billing, although she had the necessary information. Also, Genesis’s business was being purchased, which may have contributed to some disorder.
|4Ms. Chesterfield maintains the jurisprudence requires a “dispute” to establish an equitable defense, and in this case, there was none. Our review of jurisprudence, however, reveals a dispute is not required to establish an equitable defense. See Newsom v. Global Data Systems, Inc., 12-412, 12-413 (La.App. 3 Cir. 12/12/12), 107 So.3d 781, 787-788, writ denied, 13-0429 (La.4/5/13) 110 So.3d 595; Goulas v. B & B Oilfield Services, Inc., 10-934, 10-1393 (La.App. 3 Cir. 8/10/11), 69 So.3d 750, writ denied, 11-1951 (La.11/14/11), 75 So.3d 945. Further, arguably, Genesis has created a dispute by maintaining it did not owe Ms. Chesterfield the totality of back wages at her rate of pay of $17.21 per hour, because she failed to do the work that was required.
The district court judgment awarded Ms. Chesterfield the amount of wages she had sued for at the rate of $17.21 per hour for a total of $2,753.60. Additionally, she was awarded the amount of $1,536.85 for her earned vacation leave and mileage reimbursement in the amount of $13.20. The court’s judgment specifies that “[I]t is further ordered, adjudged and decreed that the court declines to assess any penalty wages against Genesis Hospice.” Apparently, the court found that Genesis had an equitable defense that relieved them of the obligation to pay penalty wages.
Louisiana Revised Statutes 23:632, insofar as it imposes a penalty, “must be strictly construed and it may yield to equitable defenses.” Beard v. Summit Institute of Pulmonary Medicine and Rehabilitation, Inc., 97-1784 (La.3/4/98), 707 So.2d 1233, 1236; See also, Bannon v. Techeland Oil Corp., 205 La. 689, 693, 17 So.2d 921, 922 (La.1944). We are a court of review, not a court of original jurisdiction. We may not reverse the district court on a factual determination unless it is manifestly erroneous. Barnett v. Saizon, 08-0336 *25 (La.App. 1 Cir. 9/23/08), 994 So.2d 668, 672. Upon our review of the entire record, we find a reasonable basis for the district court’s decision not to impose penalty wages and |fido not find that it is manifestly erroneous. Therefore, we affirm the district court’s decision not to award penalties pursuant to La. R.S. 23:632. See Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
What remains of Ms. Chesterfield’s appeal is her challenge of the district court’s assessment of costs and failure to award attorney fees. Unlike penalty wages, courts do not permit equitable defenses to the award of attorney fees in the event a “well-founded” suit for wages is filed. Beard, 707 So.2d at 1237; Kern v. River City Ford, Inc., 98-0407 (La.App. 1 Cir. 2/19/99), 754 So.2d 978, 985. An award of reasonable attorney fees is mandatory in the event an employee brings a well-founded suit for unpaid wages, even if penalty wages are not due, and suits in which the recovery of back wages are granted are considered well-founded. Schuyten v. Superior Systems, Inc., 05-2358 (La.App. 1 Cir. 12/28/06), 952 So.2d 98, 107. Where the record does not detail time and costs of an attorney’s services, the court may nonetheless fix the fee. Cochran v. American Advantage Mortg. Co., Inc., 93-1480 (La.App. 1 Cir. 6/2/94), 638 So.2d 1235,1240.
Rule 1.5 of the Rules of Professional Conduct provides the following factors to be considered by the court in setting reasonable attorney fees:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
| ^Considering what we are able to glean from the record regarding the factors listed, we award an attorney fee of $5,000.00.
The district court decreed that each party was to bear their own costs. We affirm and find no abuse of the trial court’s discretion on this issue.
Accordingly, after careful review of the law and jurisprudence, the district court judgment awarding Ms. Chesterfield past wages in the amount of $2,753.60, $1,536.85 for vacation leave, and mileage reimbursement in the amount of $13.20 is affirmed. The court’s decision that each party bear their own costs is affirmed. Having determined that an award of attorney fees is mandated when a suit for unpaid wages is successful, we amend the judgment and order the defendant, Genesis Hospice, L.L.C. d/b/a Highland Hospice & Palliative Care of Louisiana, to pay attorney fees in the amount of $5,000.00.
Costs of this appeal are assessed against the appellee, Genesis Hospice, L.L.C. d/b/a Highland Hospice & Palliative Care of Louisiana.
AMENDED, AND AS AMENDED, AFFIRMED.

. The suit initially filed was dismissed because it was in an improper venue.