HIGGINBOTHAM, J.
| ¡¿Plaintiff, Dr. Shannon Cooper, appeals the judgment of the district court granted in favor of the defendant, William Clark in his capacity as East Baton Rouge Coroner, that dismissed his petition seeking payment for unused sick leave as of the date of his retirement as the East Baton Rouge Parish Coroner.
PACTS AND PROCEDURAL HISTORY
In October 2003, Dr. Shannon Cooper was elected as Coroner for the Parish of East Baton Rouge. He served in that capacity until around March 13, 2012. After his employment with the Coroner’s Office ended, Dr, Cooper began the process of retiring and was paid for his unused accrued vacation leave. He also requested payment of his unused sick leave from the Coroner’s Office. The Coroner’s Office denied his request, stating that sick leave is only payable as severance pursuant to an established policy, and the Coroner’s Office did not have such a policy.
As a result of the Coroner’s Office’s response, Dr. Cooper filed a petition under the Louisiana Wage Payment Act, La. R.S. 23:631 et. seq. seeking payment of 678.47 hours of unused sick leave. In his petition, Dr. Cooper contended that he accrued sick leave in accordance with the policy of East *189 Baton Rouge City Parish (the City-Parish), which allowed its employees to accumulate unused sick leave to be paid upon retirement or as a result of a change in administration. Dr. William Clark, in his capacity as the East Baton Rouge Coroner, answered Dr. Cooper’s petition and requested that Dr. Cooper’s claims be dismissed.
On April 28,2015, this matter came before the district court for trial. After trial, the district court concluded that it appeared Dr. Cooper, as an officer elected by the people under the City-Parish plan of government, was an unclassified employee, and therefore, the City-Parish ordinances regarding accrued sick leave applied to him. However, the district court determined that Dr. Cooper did not meet his burden of proving what he was entitled to, and thus dismissed Dr. Cooper’s | spetition. A judgment was signed in conformity with the district court’s ruling on June 1, 2015. Subsequently, Dr. Cooper filed a motion for new trial which the district court denied by judgment signed on December 8, 2015.[1] It is from this judgment that Dr. Cooper appeals contending that the district court erred in dismissing his wage claim based on its finding that there was no evidence in this case representing the amount Dr. Cooper was entitled to for his unpaid sick leave.
STANDARD OF REVIEW
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Under the manifest error standard, in order to reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882-83; Morris v. Norco Construction Company, 632 So.2d 332, 335 (La. App. 1st Cir. 1993), writ denied, 94-0591 (La. 4/22/94), 637 So.2d 163.
| 4Appellate review of questions of law is simply a review of whether the trial court was legally correct or legally incorrect. Medline Industries, Inc. v. All-Med Supply & Equipment, 94-1504 (La.App. 1st Cir. 4/7/95), 653 So.2d 830, 832.
LAW AND ANALYSIS
Upon the discharge of any employee, an employer has a duty to pay the amount then due under the terms of em *190 ployment not later than fifteen days following the date of discharge. La. R.S. 23:631(A)(1)(a). Any employer who fails or refuses to comply with the provisions of La. R.S. 23:631 shall be liable to the employee either for (1) ninety days wages at the employee’s daily rate of pay, or (2) full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. La. R.S. 23:632. To recover penalty wages, the claimant must show that (1) wages were due and owing; (2) demand for payment thereof was made where the employee was customarily paid; and (3) the employer did not pay upon demand. Richard v. Vidrine Automotive Services, Inc., 98-1020 (La.App. 1st Cir. 4/1/99), 729 So.2d 1174, 1177.
Louisiana Revised Statute 23:631(D) provides that vacation pay will be considered an amount due, if, in accordance with the stated vacation policy of the person employing such employee, the employee is deemed eligible for and has accrued the right to take vacation time and if the employee has not taken or been compensated for the vacation time. However, unlike vacation pay that is considered wages for purposes of La. R.S. 23:631(D), unless stated otherwise by policy, sick leave is not considered wages. La. Op. Att. Gen No.99-329. Thus, it is Dr. Cooper’s burden to prove that wages were due and owing to him for his unused accrued sick leave under a specific policy applicable to him in his capacity as the East Baton Rouge Parish Coroner.
In support of his position that he was entitled to sick leave, Dr. Cooper cites to section 1:231 of the Code of Ordinances of the City of Baton Rouge and East Baton Rouge Parish (City-Parish Ordinances) which, at the time he retired, stated in pertinent part “Unclassified employees shall not receive payment for accrued but unused sick leave for the purpose of severance pay unless they: (1) Retire; or (2) Are terminated without cause and as a result of a change of administration or appointing authority.”[2] Dr. Cooper pointed out that he was an unclassified employee that was retiring and was therefore entitled to his accrued, but unused sick leave. In support of his wage claim, Dr. Cooper introduced a paycheck stub from his last pay period which stated that he had accrued 678.47 hours in sick leave.
Section 1:231 of the City-Parish Ordinances, which Dr. Cooper relied on to prove his entitlement to sick leave, provides that sick leave with pay shall be granted to all full time unclassified employees in the same manner as provided for employees in the classified service as set forth in Rule IX, Section 4.5, of the Personnel Rules. Rule IX of the Rules Governing Employees in the Classified Service of the City-Parish (Personnel Rules), titled “Hours of Work, Vacation Time, and Leaves of Absence” in section 4.5, provides the procedures for payment of sick leave when an employee retires and has accrued but unused sick leave. Section 4.5 provides in pertinent part:
A. For purposes of determining payment for accrued but unused sick leave upon retirement, death, or *191 layoff, the following rules shall apply:
1. Employees who have not yet entered the Deferred Retirement Option Plan (D.R.O.P.) and those in D.R.O.P. who elected the 2:1 option, shall accrue sick leave in accordance with the schedule set forth in subsection 2.1(b) of Rule IX.
1,2. Employees in D.R.O.P. who elected the 1:1 option shall accrue sick leave at the rate of 33.33 percent of the rate set forth in subsection 2.1(b) or Rule IX for 15 plus year employees.
* ⅜ *
4. All sick leave actually used (i.e., all time the employee actually takes off with pay under sick leave rules) shall be deducted from accrued sick leave for purposes of determining the amount to be paid upon retirement ...
5. Payment of sick leave accrued under this Subsection 4.5(a) is subject to the limitations set forth in Subsection (b) ... below.
B. When an employee ... retires, the employee shall be paid as severance pay for some or all unused sick leave days in accordance with the following formula: 120 8-hour days minus accumulated vacation days for which he is paid on layoff, discharge or retirement equals maximum days of unused sick leave for which payment may be made.
[[Image here]]
E. Employees shall not be entitled to pay for accrued but unused sick leave except as provided in subsection 4.5(a), (b), and (c) above.
It was under this rule that Dr. Cooper bore the burden of proving what wages, if any, he was due and owing. The Coroner’s Office used a private payroll company to assist with its payroll, and the City-Parish provided the funding. The evidence was clear that Dr. Cooper, who was accruing leave at a rate of 3.07 hours per biweekly pay period, was not accruing sick leave in accordance with the sick/vacation accrual policy in table D[3] of the City-Parish Personnel Rules. Because Dr. Cooper’s pays-tub showed an accrual of sick leave based on a wholly different accrual rate than the rate set out by the City-Parish Personnel Rules, the sick leave balance noted on his paystub was not accurate for a determination of the sick leave he may be entitled to under the City-Parish policy.
Dr. Cooper testified that he did not have “fixed hours” and never used any sick leave, but he did not testify whether he was required to document or request 17sick leave in accordance with the sick leave rules provided for in Rule IX, Section 4.5A of the City-Parish Personnel Rules. Dr. Cooper did not present any evidence of how his leave should be calculated under Rule IX. Specifically, neither Dr. Cooper’s specific start date of employment nor his exact salary was evident from the record.[4] Additionally, Dr. Cooper’s status regarding D.R.O.P. and whether he was under subsection l(the 2:1 option) or 2 (the 1:1 option) of section 4.5A was not in evidence.
The district court determined that although Dr. Cooper, as an unclassified employee of East Baton Rouge Parish, may have been owed something for his unused sick leave, he presented no evidence to prove what he would have been entitled to under the relevant and existing rules and regulations, specifically Rule IX of the *192 City-Parish Personnel Rules. After thorough review of the record, we are unable to conclude that the district court was manifestly erroneous or clearly wrong in its conclusion that Dr. Cooper did not meet his burden of proving what wages, if any, were “due and owing” at the time of his retirement. Therefore, we find no error in the district court judgment dismissing Dr. Cooper’s petition.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Dr. Shannon Cooper.
AFFIRMED.

. An appeal from the order denying a new trial, rather than from the judgment from which the new trial is sought, is improper. However, when the motion for appeal refers to a specific judgment denying a motion for new trial, yet the appellant exhibits a clear intention to appeal instead the judgment on the merits, then the appeal should be considered. This view conforms to the mandate of La. Code Civ. P. art. 865 to construe every pleading so "as to do substantial justice." See also Thomas v. Comfort Center of Monroe, LA, Inc., 2010-0494 (La.App. 1st Cir. 10/29/10), 48 So.3d 1228, 1233 (it is established practice for the appellate courts to treat the appeal of a motion for new trial as an appeal of the judgment on the merits when appellant’s brief demonstrates this is what he clearly intended to do).

. The district court determined that Dr. Cooper was an unclassified employee of the city parish based on his position as an "officer elected by the people” as designated in section 9.05 of the Plan of Government for East Baton Rouge Parish which states "The Unclassified Service shall comprise: (a) officers elected by the people.” Additionally, the Coroner was listed as an unclassified employee of the City-Parish under Section 1:233 under the City-Parish Ordinances.

. Table D provides for the sick and vacation accrual rates of a City-Parish employee working a 40 hour work week.

. Dr. Cooper testified that his salary "was $100,000 a year, plus or minus a little bit.”