GUIDRY, J.
Plaintiff, Bob Haber, appeals from a trial court judgment granting summary judgment in favor of defendant, Ocean Canyon Properties, Inc. (Ocean Canyon). For the reasons that follow, we reverse and render.
FACTS AND PROCEDURAL HISTORY
Haber was hired by Ocean Canyon in August 2014 to work as its Operations Manager in Abita Springs. Haber began working for Ocean Canyon on August 27, 2014, with an annual salary of $35,000.00, or $134.62/day. However, on September 1, 2014, Ocean Canyon terminated Haber's employment. On the same date, Haber informed representatives of Ocean Canyon, Jim Wofford and Renea Daley, that his final paycheck should be mailed to his home.
Thereafter, on November 6, 2014, counsel for Haber mailed a letter to Ocean Canyon, which was received on November 10, 2014, stating that at the time of Haber's termination on September 1, 2014, he was owed approximately $2,000.00 in wages, which Ocean Canyon had failed to *457 pay. As such, counsel made a demand for the unpaid wages, as well as for ninety days penalty wages. In response to the demand, on November 13, 2014, Ocean Canyon tendered two checks to Haber: a check in the amount of $1,128.80 for past due wages and a settlement check in the amount of $1,038.46 for four days penalty wages and attorney fees. Haber thereafter negotiated the check for past due wages.
On July 22, 2016, Haber filed a petition for damages, naming Ocean Canyon as defendant, asserting that he had instructed Ocean Canyon to mail his final paycheck to his home, and thereafter, his attorney had made written demand in November 2014 for payment of wages due and owing, plus ninety days penalty wages. Haber asserted that while Ocean Canyon had subsequently paid the past due wages, it had not made an unconditional tender of the ninety days penalty wages and reasonable attorney fees. Accordingly, Haber requested judgment in his favor in an amount equal to ninety days penalty wages plus reasonable attorney fees.
Ocean Canyon answered Haber's petition and thereafter filed a motion for summary judgment, asserting that there is no genuine issue as to material fact that Haber made his first demand for past due wages on November 10, 2014, and Ocean Canyon tendered past due wages on November 13, 2014. As such, Ocean Canyon asserted that Haber is only entitled to recover penalty wages for four days.
Haber also filed a motion for summary judgment, asserting that his notification to representatives of Ocean Canyon that he wanted his final paycheck to be mailed to his home constituted a demand for payment within the meaning of La. R.S. 23:632, entitling him to ninety days penalty wags and reasonable attorney fees.
Following a hearing on both motions, the trial court granted Ocean Canyon's motion, finding Ocean Canyon liable to Haber for $538.48 in penalty wages, denied Haber's claim for attorney's fees; denied Haber's motion for summary judgment; and dismissed the matter in its entirety, with prejudice. Haber now appeals from the trial court's judgment, asserting that the trial court erred in: awarding only a portion of the penalty wages claimed, denying attorney fees for the prosecution of the wage claim, and denying his motion for summary judgment and dismissing his suit.
DISCUSSION
Standard of Review
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. M/V Resources LLC v. Louisiana Hardwood Products LLC, 16-0758, p. 8 (La. App. 1st Cir. 7/26/17), 225 So.3d 1104, 1109, writ denied, 17-1748 (La. 12/5/17), 231 So.3d 624. A motion for summary judgment is properly granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions. La. C.C.P. art. 966(A)(4). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of *458 whether summary judgment is appropriate. M/V Resources LLC, 16-0758 at p. 9, 225 So.3d at 1109.
On a motion for summary judgment, the burden of proof is on the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
In the instant case, Haber appeals from the trial court's judgment granting summary judgment in favor of Ocean Canyon and also denying his motion for summary judgment. The denial of a motion for summary judgment is not appealable. However, because the granting of Ocean Canyon's summary judgment deals with essentially the same legal issues as Haber's motion for summary judgment, we will review Haber's motion for summary judgment in the interest of judicial economy. MP31 Investments,LLC v. Harvest Operating, LLC, 15-0766, pp. 7-8 (La. App. 1st Cir. 1/22/16), 186 So.3d 750, 755.
Penalty Wage Claim
The Louisiana Wage Payment Act, La. R.S. 23:631, et seq., is designed to compel prompt payment of earned wages upon an employee's discharge or resignation. Molina v. Oilfield Production Contractors, Inc., 17-0455, p. 2 (La. App. 1st Cir. 12/29/17), --- So.3d ----, 2017 WL 6629235. The main purpose of the wage payment law is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged employees from unfair and dilatory wage practices of employers. Molina, 17-0455 at p. 3, --- So.3d at ----.
Specifically, La. R.S. 23:631(A)(1)(a) provides that upon discharge of an employee, the employer shall "pay the amount then due under the terms of employment ... on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first." Furthermore, any employer who fails or refuses to comply with the provisions of La. R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay or full wages from the time the employee demands payment until the employer pays or tenders the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. La. R.S. 23:632(A).
Accordingly, to prove entitlement to penalty wages under La. R.S. 23:632, the employee must prove: (1) that wages were due and owing, (2) that demand for payment was made at the place where the employee was usually paid, and (3) that the employer failed to pay upon demand. Kern v. River City Ford, Inc., 98-0407, pp. 8-9 (La. App. 1st Cir. 2/19/99), 754 So.2d 978, 983. Louisiana Revised Statute 23:632 is penal in nature and, therefore, must be strictly construed. Pokey v. Five L Investments, Inc., 96-0018, p. 5 (La. App. 1st Cir. 9/27/96), 681 So.2d 489, 492.
There is no dispute that Ocean Canyon owed Haber wages for work performed prior to his termination on September 1, 2014. These wages earned during the pay period constitute "the amount then due under the terms of employment." See *459 Davis v. St. Francisville Country Manor, LLC, 13-0190, p. 4 (La. App. 1st Cir. 11/1/13), 136 So.3d 20, 22.
Furthermore, with regard to demand for payment, the record establishes that on the date of Haber's termination, he spoke with Renea Daley, an employee who was training Haber and who he had been shadowing, and Jim Wofford, Operations Director and the person to whom Haber reported. Haber stated in his deposition, which was offered in support of both motions for summary judgment, that on the date of his termination, Daley told him that Ocean Canyon was letting him go. Haber stated that he asked Daley when and how he was going to be paid. Daley then told him that checks were normally mailed, and she asked where he wanted his check sent. Haber told Daley to send his check to the address listed on his resume.
Haber further stated that he called Wofford several times later that day, and upon finally speaking with him, Wofford confirmed that Haber had been terminated. Haber stated that he asked about his pay, and Wofford asked where he wanted it sent. Haber told Wofford to send his check to the address listed on his resume. According to Haber, when he did not receive his paycheck, he retained an attorney, who sent a demand letter to Ocean Canyon on November 6, 2104.
Ocean Canyon contends that Haber's conversations with Ocean Canyon employees on the date of his termination do not constitute a demand for payment, and furthermore, even if they do amount to a demand for payment, the wages were not due at that time because Ocean Canyon had until the next regular payday, or fifteen days, whichever occurs first, to pay Haber his wages. As such, Ocean Canyon contends that the first demand for payment it received from Haber was the letter from Haber's counsel on November 6, 2014.
However, we note that a statutorily sufficient demand for payment does not have to be in writing, and a "fairly precise and certain" oral request for payment is sufficient. See Kern, 98-0407 at p. 10, 754 So.2d at 984. Furthermore, an employee's demand for payment need only be made once. Kern, 98-0407 at p. 10, 754 So.2d at 984. According to Haber's uncontroverted testimony, while at the place of his employment and in phone calls made to his employer, he asked how and when he was going to be paid for the wages he had earned, and gave representatives of Ocean Canyon his address so that the wages could be mailed to him in accordance with Ocean Canyon's stated procedure. This oral request was precise and certain, and therefore constituted a demand for payment. See Kern, 98-0407 at p. 10, 754 So.2d at 984 (an oral request for payment "as quick as possible" made to an employee's immediate supervisor is "fairly precise and certain").
Additionally, contrary to Ocean Canyon's assertion, the demand was not premature. The wages were owed as of the date of Haber's termination, which is the date that Haber made demand for his wages. The fact that La. R.S. 23:631(A)(1) allows Ocean Canyon until the next regular payday or fifteen days following Haber's discharge, whichever occurs first, to pay Haber these wages does not negate Haber's proper demand. See Kern, 98-0407 at p. 10, 754 So.2d at 984 (applying a prior version of La. R.S. 23:631(A) stating that wages must be paid within three days following termination, this court concluded that a demand made on the final day of employment sufficient) and Pokey, 96-0018 at p. 9, 681 So.2d at 494 (applying a prior version of La. R.S. 23:631(A) stating that wages must be paid within three days following termination, this court concluded that a demand made the day following *460 termination was sufficient). To hold otherwise would defeat the purpose of the Act, which is to compel an employer to pay the earned wages of an employee promptly after his dismissal and to protect Louisiana employees from unfair and dilatory wage practices by employers. See Berard v. L-3 Communications Vertex Aerospace, LLC, 09-1202, p. 9 (La. App. 1st Cir. 2/12/10), 35 So.3d 334, 342, writ denied, 10-0715 (La. 6/4/10), 38 So.3d 302.
Finally, it is undisputed that Ocean Canyon did not pay the amount due Haber in accordance with La. R.S. 23:631(A)(1)(a). Ocean Canyon acknowledges that it did not forward payment to Haber until November 13, 2014, and emails attached to its motion for summary judgment evidence that Ocean Canyon's failure to pay was likely due to an oversight. However, mere negligence on the part of the employer in failing to pay past due wages is not a valid defense. See Kern, 98-0407 at p. 9, 754 So.2d at 983.
Therefore, from our review of the record, we find that Haber established his entitlement to penalty wages. However, contrary to Haber's assertion, we find that he is owed penalty wages from the time of his demand for payment on September 1, 2014, until Ocean Canyon paid the amount of unpaid wages on November 13, 2014, or seventy-four days of full wages. See La. R.S. 23:632(A). The record establishes that Haber's daily rate of pay was $134.62. Therefore, we find that Ocean Canyon owes Haber penalty wages in the amount of $9,961.88.
Attorney's Fees
Louisiana Revised Statute 23:632(C) provides:
Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
The award of reasonable attorney fees is mandatory when an employee brings a "well-founded" suit for unpaid wages, irrespective of any equitable defenses that may be raised by the employer. Molina, 17-0455 at pp. 6-7, 241 So.3d at 341-42. A suit is considered "well-founded" when the employee brings a successful suit and recovers unpaid wages. See Cleary v. LEC Unwired, LLC, 00-2532, pp. 9-10 (La. App. 1st Cir. 12/28/01), 804 So.2d 916, 923. Furthermore, because La. R.S. 23:632(C) states that attorney fees shall be allowed in the event of a well-founded suit for "any unpaid wages whatsoever ," reasonable attorney fees may be awarded by the trial court in the event of a well-founded suit for penalty wages. See Sifers v. Exxon Corporation., 338 So.2d 763, 766 (La. App. 4th Cir. 1976) ; see also Pace v. Parker Drilling Company and Subsidiaries, 382 So.2d 988, 991, writ denied, 383 So.2d 1016 (La. 1980).
In the instant case, this court has found that Haber established his entitlement to penalty wages. As such, because Haber's suit is well-founded, he is entitled to attorney fees. Haber failed to introduce any evidence as to the time and costs of his attorney's services; however, the court may nonetheless fix the fee. See Molina, 17-0455 at p. 7, 241 So.3d at 342-43.
Rule 1.5(a) of the Rules of Professional Conduct provides the following factors to be considered by the court in setting reasonable attorney fees:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
*461 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Considering what we are able to glean from the record regarding the foregoing factors, we award an attorney fee in the amount of $5,000.00. See Chesterfield v. Genesis Hospice, LLC, 13-0179, p. 6 (La. App. 1st Cir. 12/19/13), 137 So.3d 22, 25.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of Bob Haber, granting his summary judgment and ordering Ocean Canyon Properties, Inc. to pay penalty wages in the amount of $9,961.88 and attorney fees in the amount of $5,000.00. All costs of this appeal are assessed to Ocean Canyon Properties, Inc.
REVERSED AND RENDERED.
Crain, J. concurs and assigns reasons.
CRAIN, J., concurs.
While bound by the precedent, I concur to express my disagreement with Kern v. River City Ford, Inc., 98-0407, pp. 8-9 (La. App. 1st Cir. 2/19/99), 754 So.2d 978 and Pokey v. Five L Investments, Inc., 96-0018, p. 5 (La. App. 1st Cir. 9/27/96), 681 So.2d 489. In my opinion, the penalty provision in Louisiana Revised Statute 23:632A is not triggered by a demand for payment made before the statutory deadline for payment of the wages. Under Louisiana Revised Statute 23:631 A, an employer is granted a statutory delay of up to fifteen days to pay the amount due to a discharged employee. If the employer fails to pay the wages by the deadline, Subsection 632A authorizes penalty wages beginning from the date of the "employee's demand for payment" until the wages are paid, subject to a ninety-day maximum. Strictly construing this penalty provision, I interpret the phrase "demand for payment" to mean a demand made after the expiration of the deadline for the payment of the wages, not before. To hold otherwise, as demonstrated by this case, results in the assessment of penalty wages against the employer for a time when payment was legally withheld under Subsection 23:631 A. An employer should not be penalized for exercising a statutorily granted right.
I believe Kern and Pokey were erroneously decided and should be corrected.