STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0676

ERICA SANDROCK

VERSUS

KFB INVESTMENT HOLDINGS, L.L.C.

Judgment Rendered: __JAN 2 6 2024__

Appealed from the
City Court of East St. Tammany
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2022 C 4032

The Honorable Bryan D. Haggerty, Judge Presiding

Tammy M. Nick
Slidell, Louisiana

Counsel for Plaintiff/Appellant,
Erica Sandrock

Hunter James Devillier
Maurice, Louisiana

Counsel for Defendant/Appellee,
KFB Investment Holdings, L.L.C.

Patrick S. McGoey
Andrea V. Timpa
McClain R. Schonekas
New Orleans, Louisiana

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**MILLER, J.**

In this summary proceeding to collect unpaid wages, plaintiff, Erica Sandrock, appeals from a trial court judgment awarding her unpaid wages, attorney fees, and costs, but denying her claim for penalty wages. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Erica Sandrock ("Sandrock") was employed as an office manager by KFB Investment Holdings, L.L.C. ("KFB") at its Legacy Buick GMC dealership in Slidell from October 2019, to April 2022. Her employment was terminated on April 28, 2022. On November 2, 2022, Sandrock filed a summary proceeding against KFB, alleging that KFB violated La. R.S. 23:631(A) because it did not pay her for working from April 25 through April 28, 2022. Sandrock sought unpaid wages plus interest, penalty wages, reasonable attorney's fees, and all costs of the proceedings.

After a hearing on January 11, 2023, the trial court ordered KFB to pay Sandrock $1,292.16 plus judicial interest from the date of filing; awarded Sandrock reasonable attorney's fees and costs in the amount of $6,232.50; and denied Sandrock's claim for statutory penalties. In denying Sandrock's claim for statutory penalties, the trial court found that KFB disputed the unpaid wages claim in good faith. The judgment was signed on March 2, 2023. Sandrock now appeals, contending that the trial court erred in denying her claim for penalty wages. Sandrock also requested additional attorney fees for the work necessitated by the appeal.

KFB filed an answer to Sandrock's appeal.[1] KFB requests for this court to reverse, in part, the trial court's March 2, 2023 judgment, which awarded Sandrock past due wages, attorney's fees, and costs.

## STANDARD OF REVIEW

A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Cooper v. Clark, 2016-0410 (La. App. 1st Cir. 12/22/16), 209 So. 3d 187, 189. Under the manifest error standard, in order to reverse a trial court's determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Benoist v. Jackson National Life Insurance Company, 2022-0292 (La. App. 1st Cir. 11/15/22), 356 So. 3d 448, 453, writ denied, 2022-01820 (La. 3/14/23), 357 So. 3d 820. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Cooper, 209 So. 3d at 189. Appellate review of questions of law is simply a review of whether the trial court was legally correct or legally incorrect. Id.

---

[1] Louisiana Code of Civil Procedure article 2133(A) provides:

An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.

## DISCUSSION

In its answer to the appeal, KFB contends that the trial court erred in finding that it owed Sandrock unpaid wages plus judicial interest because she was a salaried employee, paid twice per month. Louisiana Revised Statutes 23:631(A)(1)(a) provides that upon the discharge of any employee, it shall be the duty of the person employing such employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first. Further, payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the employee, provided postage has been prepaid and the envelope properly addressed with the employee's current address as shown in the employer's records. La. R.S. 23:631(A)(2).

When the court finds that an employer's dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer will only be liable for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed. La. R.S. 23:632(B). However, if the court determines that the employer's failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to the penalty provided for in La. R.S. 23:632(A).[2] La. R.S. 23:632(B). Reasonable attorney fees shall be allowed the employee by the court, in the event a well-founded suit for any unpaid wages is filed by the employee after three days

---

[2] Louisiana Revised Statutes 23:632(A) provides,

> Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

4

shall have elapsed from time of making the first demand following discharge. See La. R.S. 23:632(C).

After reviewing the record in its entirety, we find that there is a reasonable factual basis for the trial court's finding, and the trial court was not manifestly erroneous in its determination that KFB owed Sandrock unpaid wages plus judicial interest. Sandrock's last day of employment was April 28, 2022. However, according to Sandrock's testimony, the earnings statement, and the payroll detail register, Sandrock was not paid for working April 25 through April 28, 2022. Sandrock was paid on April 29, 2022, for the pay period that ended on April 23, 2022. While the owner of KFB, Adam Bowen, testified that Sandrock was paid $7,000.00 per month as a salaried employee, and she was paid in full on April 29, 2022, he did not introduce any evidence other than his own testimony to support his position. Therefore, the trial court's finding that KFB owed Sandrock unpaid wages in the amount of $1,292.16[3] for April 25 through April 28, 2022, plus judicial interest was not clearly wrong or manifestly erroneous.

Next, KFB contends that the trial court erred in awarding Sandrock attorney's fees and costs in the amount of $6,232.50. The award of reasonable attorney fees under La. R.S. 23:632 is mandatory when an employee brings a "well-founded" suit for unpaid wages. Berard v. L-3 Communications Vertex Aerospace, LLC, 2009-1202 (La. App. 1st Cir. 2/12/10), 35 So. 3d 334, 345, writ denied, 2010-0715 (La. 6/4/10), 38 So. 3d 302. If the employee brings a well-founded suit for unpaid wages that was filed by the employee at least three days after the employee made her first demand following discharge, then the court shall award reasonable attorney fees, which shall be taxed as costs to be paid by the employer. See La. R.S. 23:632(C). A suit is considered "well-founded" when the

---

[3] The trial court determined that Sandrock was paid $40.38 per hour or $323.04 per day for working eight hours. The trial court then multiplied $323.38 times four days to calculate that Sandrock was owed $1,292.16 in unpaid wages.

employee brings a successful suit and recovers unpaid wages. DiVittorio v. Seale & Ross, PLC, 2022-0392 (La. App. 1st Cir. 12/27/22), 360 So. 3d 841, 851. Further, pursuant to La. C.C.P. art. 1920, a trial judge has great discretion in awarding costs. While the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems just, even against the party prevailing on the merits. See La. C.C.P. art. 1920; Scarbrough v. Lynmar Holdings, LLC, 2021-1566 (La. App. 1st Cir. 8/31/22), 349 So. 3d 34, 40, writ denied, 2022-01474 (La. 11/22/22), 350 So. 3d 500.

Sandrock made several demands for past due wages following her discharge. In May 2022, Sandrock sent text messages to Bowen requesting her past due wages. Sandrock then sent a demand letter dated May 19, 2022, to Bowen, and Sandrock's attorney sent a demand letter dated June 13, 2022, to KFB through its registered agent. Sandrock did not receive payment of the past due wages, so she filed a summary proceeding on November 2, 2022. Sandrock brought a successful suit and recovered unpaid wages in the trial court, and as discussed above, we agree with the trial court's determination that Sandrock is owed the unpaid wages. Thus, she is entitled to reasonable attorney fees. See La. R.S. 23:632(C).

Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. Spears v. Grambling State University, 2012-0398 (La. App. 1st Cir. 12/17/12), 111 So. 3d 392, 400, writ denied, 2013-0428 (La. 4/5/13),

6

110 So. 3d 596. These factors are derived from Rule 1.5(a) of the Louisiana Rules of Professional Conduct, which require that a lawyer's fees be reasonable.[4] Id.

At the hearing, the trial court admitted an invoice from Nick Law Firm into evidence. The invoice indicates that Sandrock owed $5,862.50 for attorney fees and $370.00 for court costs. The trial court reviewed the invoice in connection with this matter and awarded attorney fees and costs of $6,232.50, which the trial court deemed reasonable. In considering the reasonableness of the attorney fees, we note that Sandrock prevailed in the trial court and the trial court determined that the hours billed and the rate charged are reasonable in light of the work performed. Thus, we agree with the trial court's determination that $5,862.50 is a reasonable amount for attorney fees and costs in this matter. Further, since Sandrock was the prevailing party, we do not find that the trial court abused its discretion in ordering KFB to pay reasonable costs of $370.00. Therefore, the trial court did not err in awarding Sandrock reasonable attorney fees and costs in the amount of $6,232.50.

Lastly, in her appeal, Sandrock contends that the trial court erred in denying her claim for penalty wages. Any employer who fails or refuses to comply with the provisions of La. R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay or for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of

---

[4] Rule 1.5(a) of the Louisiana Rules of Professional Conduct provides:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

7

penalty. La. R.S. 23:632(A). Accordingly, to recover penalties under La. R.S. 23:632, the employee must prove that: (1) wages were due and owing; (2) demand for payment was made at the place where the employee was customarily paid; and (3) the employer did not pay after demand within the time specified by La. R.S. 23:631. See Haber v. Ocean Canyon Properties, Inc., 2017-1472 (La. App. 1st Cir. 5/31/18), 251 So. 3d 454, 458. Because La. R.S. 23:632 is penal in nature, it must be strictly construed. Id.

Equitable defenses are available, and penalty wages are not to be absolutely imposed. Berard, 35 So. 3d at 345. A good faith non-arbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability, permits the court to excuse the employer from the imposition of penalty wages. Scarbrough, 349 So. 3d at 37. However, when an employer is arbitrary, sets out procedural pitfalls for the employee, or is merely negligent in failing to pay past due wages, penalty wages will be assessed. Berard, 35 So. 3d at 345.

Whether there exists a valid, equitable defense to a claim of penalty wages depends on the particular facts of each case. Berard, 35 So. 3d at 345. A trial court's determination of whether an employer is arbitrary or in bad faith for purposes of imposing penalty wages is a question of fact and is, therefore, subject to the manifest error standard of review. Scarbrough, 349 So. 3d at 38.

After hearing the testimony of both Sandrock and Bowen, along with viewing the exhibits introduced at the trial, the trial court determined that penalty wages should not be imposed. Throughout the duration of this matter, in the text message exchange between Sandrock and Bowen, in the email exchange between Sandrock's attorney and Bowen, and in his testimony, Bowen maintained that KFB did not owe Sandrock any past due wages. He stated that Sandrock was a salaried employee and that she earned $7,000.00 per month. Bowen's position was that since Sandrock was paid $7,000.00 on April 29, 2022, she was paid in full. This

contention is contrary to the KFB earnings statement that states, "Pay Period: 04/09/2022 to 04/23/2022" and "Paycheck Date: 04/29/2022" and the KFB payroll detail register that states, "Period Ending: 04/23/2022" and "Paycheck Date: 04/29/2022." However, after a review of the record, we cannot say that the trial court's judgment denying penalty wages was manifestly erroneous or clearly wrong. While Bowen's position is contrary to the KFB earnings statement and payroll detail register, his belief that Sandrock was paid for the entire month of April when she was paid on April 29, 2022, may be considered a reasonable basis for resisting liability. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. Therefore, this assignment of error is without merit.

Sandrock also seeks additional attorney fees for the work necessitated by the appeal. An increase in attorney fees is usually awarded where a party who was awarded attorney fees by the trial court is forced to and successfully defends an appeal. Zeigler Tree & Timber, Inc. v. Old River of New Orleans, LLC, 2022-1247 (La. App. 1st Cir. 7/5/23), 371 So. 3d 82, 94. The award of additional attorney fees is to keep the appellate judgment consistent with the underlying judgment. Lewnau v. Board of Supervisors of Southern State University, 2019-0943 (La. App. 1st Cir. 1/9/20), 295 So. 3d 419, 427, writ denied, 2020-00240 (La. 5/1/20), 295 So. 3d 937. Sandrock was awarded attorney fees by the trial court, but she was not forced to defend this appeal. She is the appellant. Since we are affirming the decision of the trial court, Sandrock did not obtain an increase in the award received. Under these circumstances, we find that additional attorney fees for services on appeal are not warranted.

## CONCLUSION

For the above and foregoing reasons, the March 2, 2023 judgment of the city court that awarded Erica Sandrock unpaid wages, attorney fees, and costs and

denied Erica Sandrock's claim for penalty wages is affirmed. Sandrock's request for additional attorney fees is denied. KFB Investment Holdings, L.L.C.'s answer to the appeal is denied. Costs of this appeal are assessed one-half to Erica Sandrock and one-half to KFB Investment Holdings, L.L.C.

**AFFIRMED.**